UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM T. CHASE, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:03CV01683-JR |
| | ) | |
| AIMCO PROPERTIES, L.P. and | ) | |
| NHP MANAGEMENT, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION AND COLLECTIVE ACTION COMPLAINT**

Defendants AIMCO Properties, L.P. and (AIMCO Properties") and NHP Management Company ("NHP") hereby answer Plaintiffs' first amended complaint with the following responses numbered to correspond with the numbered paragraphs of the Complaint. (Defendants note that Plaintiffs' have captioned the Complaint incorrectly by naming NHP as "NHP Management, Inc.") Defendants deny each and every allegation of the amended complaint not expressly admitted below.

**SUMMARY OF ALLEGATIONS**

1.      Defendants deny each and every allegation of Paragraph 1.

2.      Defendants deny each and every allegation of Paragraph 2.

3.      Defendants admit that local property managers, at their discretion or the discretion of management within their individual chains of command, may at various times have implemented an entirely lawful "adjusted work week," whereby if certain employees worked overtime hours on any day during a particular work week, they would then be either asked, or

required, to take off corresponding hours of regularly scheduled work time during that same work week in order that statutory overtime hours not be incurred by those employees for that work week. Except as so admitted, Defendants deny all other allegations of Paragraph 3.

4.    Defendants admit that they do not pay "on-call" maintenance employees for time spent not responding to an on-call emergency at their work site, that is, personal time spent at home or elsewhere during non-regular hours while on call. Except as so admitted, Defendants deny all other allegations of Paragraph 4.

5.    Defendants deny each and every allegation of Paragraph 5.

## JURISDICTION AND VENUE

6.    Defendants admit this Court has subject matter jurisdiction over the claims for relief under the Fair Labor Standards Act. Defendants deny that supplemental jurisdiction is currently appropriate as to the various state law claims. Defendants also deny that "supplemental jurisdiction" exists as to the state claims pursuant to "29 U.S.C. § 1292(b)" because no such provision exists in the United States Code. The correct statute is 28 U.S.C. § 1367(a).

7.    Defendants admit that this Court has personal jurisdiction over them both.

8.    Both Defendants deny any interest in the apartment complex where Plaintiffs Chase and Moreno were employed, both currently and as of the date the Complaint was originally filed herein. AIMCO Properties admits that it has an ownership interest in other legal entities that own properties, and that it has employees, in the District of Columbia. NHP admits that it manages apartment properties in the District of Columbia. Except as so admitted, Defendants deny all other allegations of Paragraph 8.

9.    NHP admits it was an employer of Plaintiffs Chase and Moreno in this District, at a facility in which neither Defendant has a current interest, and in which neither had any interest

at the time the Complaint was originally filed herein.  NHP admits it employs employees in this District.  AIMCO Properties admits that it employs employees and has an ownership interest in other legal entities that own properties in the District of Columbia.  Except as so admitted, Defendants deny all other allegations of Paragraph 9.

10.    Defendants deny each and every allegation of Paragraph 10.

11.    Defendants admit to this Court's personal jurisdiction.  NHP admits it formerly employed Plaintiffs Chase and Moreno at the Fairmount I & II property in this District prior to the time the original Complaint was filed herein.  Except as so admitted, Defendants deny all other allegations of Paragraph 11.

12.    AIMCO Properties denies that it directly owns or operates facilities in Washington, D.C., 47 states, and Puerto Rico.  AIMCO Properties admits that it has indirect ownership interests in other legal entities that own facilities in those locations.  The remaining allegations of Paragraph 12 are a legal conclusion to which no response is required.

13.    NHP denies that it owns or operates apartment facilities in Washington, D.C., 47 states, and Puerto Rico.  NHP admits that it manages apartment facilities throughout the United States.  The remaining allegations of Paragraph 13 are a legal conclusion to which no response is required.

**THE PARTIES**

14.    AIMCO Properties denies that it directly owns or operates any apartment properties. AIMCO Properties admits that it has indirect ownership interests in other legal entities that own such facilities in the United States, including Washington D.C., 47 states, and Puerto Rico.  AIMCO Properties admits that it performs certain business functions from its

3

Denver, Colorado offices. Except as so admitted, AIMCO Properties denies all other allegations of Paragraph 14.

15.     Defendants deny each and every allegation of Paragraph 15.

16.     NHP admits that it is an apartment management company based out of Denver, Colorado. Except as so admitted, NHP denies all other allegations of Paragraph 16.

17.     NHP admits the allegations of Paragraph 17.

18.     Defendants admit that the duties of some of its maintenance employees are in part to maintain the properties at which they are employed, and in part to respond to certain tenant requests for maintenance services. Defendants deny that Plaintiffs have asserted any classes or subclasses that are properly maintainable under the applicable law, and deny all other allegations of Paragraph 18.

19.     Defendants admit that while employed with NHP certain Plaintiffs may have had on-call responsibilities to assist tenants with emergency maintenance issues during hours when no maintenance staff were working a regular duty shift. Except as so admitted, Defendants deny all other allegations of Paragraph 19.

20.     Defendants admit Plaintiff Chase was employed by NHP at the Fairmount I & II as an hourly-paid Service Technician. Except as so admitted, Defendants deny all other allegations of Paragraph 20.

21.     Defendants admit Plaintiff Moreno was employed by NHP at the Fairmount I & II as an hourly-paid Service Technician. Except as so admitted, Defendants deny all other allegations of Paragraph 21.

22.     Defendants admit Plaintiff Cruz was employed by NHP at the Springhill Lake property as an hourly-paid Service Technician.  Except as so admitted, Defendants deny all other allegations of Paragraph 22.

23.     Defendants admit Plaintiff Broadie is employed by NHP at the Springhill Lake property, and currently holds a salaried maintenance position there.  Defendants admit he previously held an hourly-paid Service Technician position.  Except as so admitted, Defendants deny all other allegations of Paragraph 23.

24.     Defendants admit Plaintiff Lewis was employed by NHP at the Springhill Lake property as an hourly-paid Service Technician.  Except as so admitted, Defendants deny all other allegations of Paragraph 24.

25.     Defendants admit Plaintiff Dominguez was employed by NHP at the Runaway Bay property, and that he held several different hourly positions during his employ, including Service Technician and Service Manager.  Except as so admitted, Defendants deny all other allegations of Paragraph 25.

26.     Defendants admit Plaintiff Hulse was employed by NHP at one or more properties in Plainsboro, NJ at various times, and that her last position was as a salaried Service Manager. Except as so admitted, Defendants deny all other allegations of Paragraph 26.

27.     Defendants admit Plaintiff Vadon was employed by NHP at one or more properties in Plainsboro, NJ as an hourly-paid Service Technician.  Except as so admitted, Defendants deny all other allegations of Paragraph 27.

28.     Defendants admit that at different times Plaintiff Daly was formerly employed by NHP, and by AIMCO Properties, L.P. as a Service Technician and later as a Service Manager, at

5

several properties in the Chino, CA or Alta Loma, CA area. Except as so admitted, Defendants deny all other allegations of Paragraph 28.

## THE CLASS AND SUBCLASSES

29.    Defendants admit that Plaintiffs purport to bring this action on behalf of themselves and the proposed class described in Paragraph 29. Defendants deny that this action is properly maintainable as a collective action and deny that the appropriate limitations period for any such action is three years. Except as so admitted, Defendants deny all other allegations of Paragraph 29.

30.    Defendants admit that Plaintiffs purport to bring this action on behalf of themselves and the proposed subclasses as described in Paragraph 30. Defendants deny that this action is properly maintainable under Fed. R. Civ. P. 23 on behalf of the purported subclasses. Except as so admitted, Defendants deny all other allegations of Paragraph 30.

## ALLEGATIONS OF THE PLAINTIFFS AND THE CLASS

### Defendant's [Alleged] Failure to Pay for Time Spent Responding to Emergency Calls

31.    Defendants deny the allegations of Paragraph 31.

32.    NHP admits that it manages certain apartment communities owned by affiliates of AIMCO Properties, and that certain employees working at these properties are employees of NHP. Except as so admitted, Defendants deny all other allegations of Paragraph 32.

33.    Defendants admit that among the hourly employees of each Defendant are some with the job titles Service Technician and Service Manager. Except as so admitted, Defendants deny all other allegations of Paragraph 33.

34.    Defendants admit that among the responsibilities of some or all of their Service Technicians and Service Managers are duties similar to those described in Paragraph 34. Except as so admitted, Defendants deny all other allegations of Paragraph 34.

35.    Defendants admit that at some properties Service Technicians and/or Service Managers do have rotating on-call responsibilities, arranged and defined in numerous ways depending on individual circumstances at each such property, with respect to maintenance emergencies that occur during hours in which no maintenance employee is regularly scheduled to work. Except as so admitted, Defendants deny all other allegations of Paragraph 35.

36.    Defendants deny that there is any uniform schedule of on-call duties as described in Paragraph 36, and deny all other allegations in Paragraph 36.

37.    Defendants admit that they strive to provide prompt service to apartment tenants but deny all other allegations of Paragraph 37.

38.    Defendants deny each and every allegation of Paragraph 38.

39.    Defendants admit that they strive to provide prompt service to apartment tenants but deny all other allegations of Paragraph 39.

40.    Defendants deny each and every allegation of Paragraph 40.

41.    Defendants deny each and every allegation of Paragraph 41.

42.    Defendants deny each and every allegation of Paragraph 42.

43.    Defendants deny each and every allegation of Paragraph 43.

44.    Paragraph 44 contains Plaintiffs' conclusions of law and therefore require no response. To the extent a response is required, Defendants deny all allegations contained in Paragraph 44.

45.    Defendants deny each and every allegation of Paragraph 45.

46.     Defendants deny each and every allegation of Paragraph 46.

47.     Defendants deny each and every allegation of Paragraph 47.

48.     Defendants deny each and every allegation of Paragraph 48.

49.     Defendants deny each and every allegation of Paragraph 49.

50.     Defendants deny each and every allegation of Paragraph 50.

51.     Defendants deny each and every allegation of Paragraph 51.

52.     Defendants deny each and every allegation of Paragraph 52.

53.     Defendants deny each and every allegation of Paragraph 53.

54.     Defendants deny each and every allegation of Paragraph 54.

55.     Defendants deny each and every allegation of Paragraph 55.

56.     Defendants deny each and every allegation of Paragraph 56.

**Defendant's [Alleged] Failure to Pay for Time Spent Waiting for Emergency Service Calls**

57.     Defendants admit that at some properties Service Technicians and/or Service Managers have rotating on-call responsibilities, arranged and defined in numerous ways depending on individual circumstances at each such property, with respect to maintenance emergencies that occur during hours in which no maintenance employee is regularly scheduled to work.  Except as so admitted, Defendants deny all other allegations of Paragraph 57.

58.     Defendants deny that there is any typical, uniform, or nation-wide on-call schedule that applies to every property, and consequently deny all allegations in Paragraph 58.

59.     Defendants deny there is any typical, uniform, or nation-wide practice regarding use of cell phones or beepers, and deny all other allegations of Paragraph 59.

60.     Defendants deny there is any typical, uniform, or nation-wide practice regarding use of answering services, cell phones or pagers, and deny all other allegations of Paragraph 60.

61.    Defendants deny there is any typical, uniform, or nation-wide practice requiring employees on call to respond within a certain time limit to maintenance emergencies, and deny all other allegations of Paragraph 61.

62.    Defendants deny each and every allegation of Paragraph 62.

63.    Defendants deny each and every allegation of Paragraph 63.

64.    Defendants deny that there is any typical, uniform or nation-wide estimate for the length of time required to respond to and address various emergency maintenance calls, and deny all other allegations of Paragraph 64.

65.    Defendants deny each and every allegation of Paragraph 65.

66.    Defendants deny each and every allegation of Paragraph 66.

67.    Defendants deny each and every allegation of Paragraph 67.

68.    Defendants admit that to the extent any maintenance employee fails to satisfy any job responsibilities in accordance with the reasonable expectations of his/her on-site supervisor(s), such employee could be subject to discipline at the discretion of that individual supervisor(s).  Except as so admitted, Defendants deny all other allegations of Paragraph 68.

69.    Defendants deny each and every allegation of Paragraph 69.

70.    Defendants deny each and every allegation of Paragraph 70.

71.    Defendants deny each and every allegation of Paragraph 71.

72.    Defendants admit that they do not pay "on-call" maintenance employees for time spent not responding to an on-call emergency at their work site, that is, personal time spent at home or elsewhere during non-regular hours while on call.  Except as so admitted, Defendants deny all other allegations of Paragraph 72.

73.    Defendants deny each and every allegation of Paragraph 73.

74.    Defendants deny each and every allegation of Paragraph 74.

## COLLECTIVE ACTION ALLEGATIONS

75.    Defendants admit that Plaintiffs purport to bring this collective action on behalf of themselves and the proposed class described in Paragraph 75. Defendants deny that sufficient grounds exist to maintain a collective action and deny that the appropriate limitations period for any such action is three years. Except as so admitted, Defendants deny all other allegations of Paragraph 75.

76.    Defendants admit that Plaintiffs purport a willingness to represent the individuals described in Paragraph 76. Except as so admitted, Defendants deny all other allegations of Paragraph 76.

77.    Defendants deny each and every allegation of Paragraph 77.

78.    Defendants deny each and every allegation of Paragraph 78.

79.    Defendants deny each and every allegation of Paragraph 79.

## WASHINGTON D.C. SUBCLASS ALLEGATIONS

80.    Defendants admit that Plaintiffs purport to bring a class action on behalf of themselves and the proposed subclasses described in Paragraph 80. Defendants deny that sufficient grounds exist to maintain any class action, and deny all other allegations of Paragraph 80.

81    Defendants admit that Plaintiffs purport to bring a class action on behalf of themselves and the proposed subclass described in Paragraph 81. Defendants deny that sufficient grounds exist to maintain any class action, deny that the appropriate limitations period for any such action is three years, and deny all other allegations of Paragraph 81.

82.    Defendants admit that Plaintiffs Chase and Moreno purport to represent the subclass described in Paragraph 82. Except as so admitted, Defendants deny all other allegations of Paragraph 82.

83.    Defendants deny each and every allegation of Paragraph 83.

84.    Defendants deny each and every allegation of Paragraph 84.

85.    Defendants deny each and every allegation of Paragraph 85.

## MARYLAND AND CALIFORNIA SUBCLASS ALLEGATIONS

86.    Defendants admit that Plaintiffs purport to bring a class action on behalf of themselves and the proposed subclasses described in Paragraph 86. Defendants deny that sufficient grounds exist to maintain any class action, and deny all other allegations of Paragraph 86.

87.    Defendants admit that Plaintiffs Dominguez and Daly purport to represent the subclass described in Paragraph 87. Except as so admitted, Defendants deny all other allegations of Paragraph 87.

88.    Defendants deny each and every allegation of Paragraph 88.

89.    Defendants admit that Plaintiffs Cruz, Broadie and Lewis purport to represent the subclass described in Paragraph 89. Except as so admitted, Defendants deny all other allegations of Paragraph 89.

90.    Defendants deny each and every allegation of Paragraph 90.

91.    Defendants deny each and every allegation of Paragraph 91.

92.    Defendants deny each and every allegation of Paragraph 92.

93.    Defendants deny each and every allegation of Paragraph 93.

94.     Defendants admit that Plaintiffs Broadie, Cruz, Daly, Dominguez, and Lewis purport to challenge various alleged actions of the Defendants.  Except as so admitted, Defendants deny all other allegations of Paragraph 94.

95.     Defendants deny each and every allegation of Paragraph 95.

96.     Defendants deny each and every allegation of Paragraph 96.

97.     Defendants deny each and every allegation of Paragraph 97.

98.     Defendants lack information to sufficient to either admit or deny the accuracy of the allegations of Paragraph 98, and therefore deny them.

99.     Defendants deny each and every allegation of Paragraph 99.

100.    Defendants deny each and every allegation of Paragraph 100.

## CLAIMS FOR RELIEF

Defendants deny that Plaintiffs are entitled to any of the relief they seek in Paragraphs I, II, III, IV, V and VI of the Claims for Relief alleged in their First Amended Class Action and Collective Action Complaint.

## AFFIRMATIVE DEFENSES

1.      The complaint fails to state a claim upon which relief can be granted.

2.      Plaintiffs are not similarly situated to each other, to the proposed class members, or to any other person or persons for purposes of the FLSA.

3.      Plaintiffs cannot satisfy the requirements for a collective action under the FLSA.

4.      Plaintiffs cannot satisfy the requirements for maintaining a class action under Rule 23 of the Federal Rules of Civil Procedure.

5.      Neither Plaintiffs nor any alleged class members performed any uncompensated work.

6.      Defendants had no knowledge of, nor should they have had knowledge of, any uncompensated work by Plaintiffs or any proposed class members, and they did not authorize, require, request, suffer, or permit such activity by Plaintiffs or any proposed class members.

7.      If any supervisor or manager authorized, required, requested, suffered, or permitted an employee to perform uncompensated work, such supervisor or manager acted outside the scope of his or her employment.

8.      If and to the extent the Court determines that employees did not report all time they worked during on-call periods, and thus were not compensated therefore, such employees acted voluntarily.

9.      Defendants did not willfully deprive any persons who allegedly performed uncompensated work any wages to which they were entitled under the FLSA.

10.      Plaintiffs and other proposed class members are not entitled to recover liquidated damages because Defendants at all times acted in good faith and with reasonable grounds for believing that they had not violated the FLSA.

11.      Plaintiffs and other proposed class members are not entitled to any recovery because any alleged acts or omissions were made by Defendants in good faith in conformity with and reliance on applicable administrative regulations, order, ruling, approval, or interpretation, or administrative practice or enforcement policy with respect to the relevant class of employees.

12.      Some or all of Plaintiffs' and other proposed class members' claims are barred by the applicable statute of limitations.

13.      All or part of the time for which Plaintiffs or any proposed class members seek compensation does not constitute compensable working time.

14.      All or part of the claims are barred by the *de minimis* doctrine.

15.     The complaint fails to state a claim against Defendants upon which compensatory damages, liquidated damages, or exemplary damages can be awarded.

16.     The complaint fails to state a claim against Defendants upon which attorneys' fees costs can be awarded.

17.     The complaint fails to state a claim against Defendants upon which declaratory or injunctive relief can be awarded.

18.     Plaintiffs have an adequate remedy at law, thus injunctive and declaratory relief is in appropriate.

19.     Plaintiffs' claims, including their claims brought on behalf of an alleged class, are barred in whole or in part by the doctrines of waiver, estoppel, laches, ratification, acquiescence, unclean hands, accord and satisfaction, payment, and release.

20.     Defendants are entitled  to a credit or set-off for certain additional compensation paid to Plaintiffs and any alleged class members.

21.     Defendants have paid some of their managers bonuses premised on the fact that the managers have not worked off the clock and have not allowed uncompensated work to occur. To the extent that managers engaged in or allowed uncompensated work, they were not entitled to said bonuses.  All bonus amounts, and overtime payments attributable to bonus amounts, should be credited or set off against any alleged monies owed to managers who engaged in or allowed uncompensated work.

22.     Any damages that Plaintiffs could recover must be eliminated or reduced by Plaintiffs' and any alleged class members' failure to mitigate damages.

23.     Plaintiffs have failed to exhaust administrative processes implemented by Defendants to prevent off-the-clock work and to resolve any alleged uncompensated work claims without resort to litigation.

24.     Plaintiffs and any alleged class members do not have standing to prosecute certain claims based on Defendants' alleged failure to compensate them for on-call time and/or time responding to service calls.

25.     Plaintiffs' claims are subject to valid and enforceable arbitration agreements, and Plaintiffs have failed to exhaust their contractual remedies under the agreements.

26.     Venue is improper in this jurisdiction.

27.     Plaintiffs have failed to join indispensable parties.

28.     Plaintiffs' claims, both individual and on behalf of a purported class of similarly situated individuals, are barred in whole or in part by reason of accord and satisfaction or other settlement agreement or compromise.

29.     Defendants reserve the right to assert additional affirmative defenses of which they become knowledgeable during the further course of discovery.

30.     Defendants' actions were lawful and reasonable exercises of business judgment.

## RELIEF REQUESTED

Defendants ask the Court to enter judgment in their favor against Plaintiffs, dismissing their amended complaint with prejudice and awarding Defendants their costs of suit, including attorneys' fees and such other and further relief as the Court may deem proper.

Dated: March 2 5, 2004.

Respectfully submitted,

Richard N. Appel, Esq. (D.C. Bar No. 933705)
Heather French, Esq. (D.C. Bar No. 457086)
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue
Washington, D.C. 20036
Phone: (202) 887-4000
Fax: (202) 887-4288

and

John M. Husband, Esq.
William R. Dabney, Esq.
Kimberley Dempster Neilio, Esq.
HOLLAND & HART, LLP
555 Seventeenth Street
Suite 3200
Denver, CO 80202-3979
Phone: (303) 295-8228
Fax: (303) 975-5381

Attorneys for Defendants,
AIMCO Properties, L.P. and
NHP Management Company

16