UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM T. CHASE, *et al*. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:03CV01683-JR |
| ) | |
| AIMCO Properties, L.P., and ) | |
| NHP Management Company, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**DEFENDANTS' MOTION TO DISMISS ALL "OPT-IN" PLAINTIFFS**

Richard N Appel, Esq. (D.C. Bar No. 933705)
Melissa L. Dulski, Esq. (D.C. Bar No. 478719)
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, NW
Washington, D.C.  20036
Tel:  202-887-4000
Fax:  202-887-4288

John M. Husband, Esq.
William R. Dabney, Esq.
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO  80202-3979
Tel:  303-295-8000
Fax:  303-295-8261

**ATTORNEYS FOR DEFENDANTS**

As a consequence of the Court's March 28, 2007 Memorandum Order decertifying plaintiffs' conditional Fair Labor Standards Act ("FLSA") collective action in this case ("Decertification Order"), it seems axiomatic that the Court will also dismiss without prejudice all "opt-ins" who filed Notices of Consent with this Court.  In case a Motion to do so is necessary, Defendants AIMCO Properties, L.P. and NHP Management Company (jointly "AIMCO") respectfully move the Court to dismiss without prejudice all of the individuals who have filed Notices of Consent seeking to opt in to the now-decertified collective action under Section 216(b) of the FLSA.  As grounds for this motion, AIMCO states as follows:

1. The Court held that no collective action under Section 216(b) of the FLSA may go forward on any claims alleged in the Complaint.  Decertification Order, at 6-14 (Docket No. 217).  As a result, the Court's March 28, 2007 Order is fatal to the claims of the approximately 1,100 individuals who had filed a Notice of Consent to opt-in to the collective action that the Court conditionally certified in 2006.  *See id.* at 4.

2. Because there is no longer any collective action through which the claims of the opt-in individuals may be pursued, the Court should dismiss all such opt-ins without prejudice.  This procedure makes sense from a practical perspective and has been followed under similar circumstances in other FLSA cases.  *See*, *e.g.*, *Williams v. Accredited Home Lenders, Inc.,* 2006 WL 2085312 at *5 (N.D. Ga. 2006) (opt-ins dismissed without prejudice upon denial of collective action motion); *Walker v. Mountain States Tel. & Tel. Co.,* 1988 WL 1000060 at *3 (D. Colo. 1988) (opt-ins dismissed upon decertification of collective action).

WHEREFORE, AIMCO requests that the Court dismiss without prejudice all of the opt-in plaintiffs who have filed Notices of Consent.

Respectfully submitted this 12th day of April, 2007.

    /s/ Richard N Appel
Richard N Appel, Esq. (D.C. Bar No. 933705)
Melissa L. Dulski, Esq. (D.C. Bar No. 478719)
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Tel: 202-887-4000
Fax: 202-887-4288

and

John M. Husband, Esq.
William R. Dabney, Esq.
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202-3979
Tel: 303-295-8000
Fax: 303-295-8261

**ATTORNEYS FOR DEFENDANTS**