1 | TERESA DEMCHAK, CA Bar No. 123989
tdemchak@gdblegal.com
2 | LAURA L. HO, CA Bar No. 173179
lho@gdblegal.com
3 | GOLDSTEIN, DEMCHAK, BALLER,
        BORGEN & DARDARIAN
4 | 300 Lakeside Drive, Suite 1000
Oakland, CA  94612
5 | (510) 763-9800 (Telephone)
(510) 835-1417 (Telefax)
6

7 | JOSEPH M. SELLERS, (pro hac vice application to be filed)
jsellers@cmht.com
8 | CHARLES TOMPKINS, (pro hac vice application to be filed)
ctompkins@cmht.com
9 | LLEZLIE L. GREEN, (pro hac vice application to be filed)
lgreen@cmht.com
10 | COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
1100 New York Avenue, NW
11 | West Tower, Suite 500
Washington, DC  20005
12 | (202) 408-4600 (Telephone)
(202) 408-4699 (Telefax)

13 | STEVEN M. PAVSNER (pro hac vice application to be filed)
spavsner@jgllaw.com
14 | JAY P. holland (pro hac vice application to be filed)
JHolland@jgllaw.com
15 | JOSEPH, GREENWALD, LAAKE, P.A.
6404 Ivy Lane, Suite 400
16 | Greenbelt, MD 20770
(301) 220-2200 (Telephone)
17 | (202) 220-1214 (Telefax)

18 | Attorneys for Plaintiffs

19                     UNITED STATES DISTRICT COURT

20                   NORTHERN DISTRICT OF CALIFORNIA

21                       SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH DOMINGUEZ and ROGER DALY,<br><br>Plaintiffs,<br><br>v.<br><br>APARTMENT INVESTMENT AND MANAGEMENT COMPNAY, AIMCO PROPERTIES, LP. AND:  NHP MANAGEMENT, COMPANY,<br><br>Defendants. | Case No.:  3:07-cv-03245-CRB<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULES 3-12 AND 7-11** |

1   Pursuant to Civil Local Rules 3-12 and 7-11, plaintiffs, Joseph Dominguez and Roger Daly
2   respectfully move this Court to consider whether Case No. 3:05-cv-04824-SC, styled *Joseph*
3   *Dominguez, Roger Daly, individually and on behalf of all other persons similarly situated v.*
4   *Apartment Investment and Management Company, Aimco Properties, LP. and NHP Management,*
5   *Company*, and Case No. 3:07-cv-03640-MEJ, styled *Kenneth Campbell, et al. v. Apartment Investment*
6   *and Management Company, Aimco Properties, LP. and NHP Management, Company*, both of which
7   are also filed in the Northern District of California, are related to, and should be consolidated with, the
8   within case.  Defendants refused to stipulate to the relief sought by this Motion.  See Declaration of
9   Joseph M. Sellers in support of Plaintiffs' Administrative Motion to Consider Whether Cases Should
10  be Related Pursuant to Civil Local Rules 3-12 and 7-11, filed herewith, ¶ 16.

11  In support of their motion plaintiffs state the following:

12  1.   Plaintiffs in all three cases are current and former hourly-paid maintenance employees
13  of defendants in California.  See Declaration of Joseph M. Sellers ("Sellers' Decl.") filed herewith, ¶ 5.

14  2.   Defendants[1] are owners and managers of apartment complexes throughout the United
15  States, including California.  *Id.*

16  3.   Plaintiffs in all three cases allege that defendants failed to pay them for: (1) all overtime
17  hours worked; (2) compensable time spent "on call" waiting to receive tenant requests for maintenance
18  or repairs; and (3) all time spent actually responding to tenant service requests.  *Id.* ¶ 4.

19  4.   Plaintiffs in the within action, who are residents of California, originally filed their
20  federal and state wage claims against defendants on August 7, 2003, as part of a putative nationwide
21  collective and class action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and
22  Federal Rule of Civil Procedure 23(b)(3), in the U.S. District Court for the District of Columbia.
23  *Chase v. Apartment Investment and Management Company, Aimco Properties, LP. and NHP*
24  *Management, Company*, Case No. 1:03-cv-01683-JR (D. D.C.)  The case was brought by plaintiffs and
25  ///
26  ///
27
28  ---
    [1] NHP Management Co. is a wholly-owned subsidiary of AIMCO Properties, L.P.  Sellers' Decl. ¶ 5.

1 seven other individuals residing in Maryland, Washington, D.C. and New Jersey, alleging violations of

2 the FLSA and the wage laws of California and Maryland. The case was assigned to the Honorable

3 James Robertson. *Id.* ¶ 2.

4     The parties conducted months of discovery in *Chase* which addressed both class and merits

5 issues. The discovery included written discovery as well as defendants taking the depositions of all of

6 the named plaintiffs (including plaintiffs Dominquez and Daly) and plaintiffs deposing one of

7 defendants' managers, who worked in California, pursuant to Federal Rule of Civil Procedure 30(b)(6).

8 Plaintiffs then sought issuance of notice to a nationwide opt-in class pursuant to 29 U.S.C. § 216(b),

9 and certification of two opt-out sub-classes of employees located in California and Maryland pursuant

10 to Federal Rule of Civil Procedure 23(b)(3). Defendants opposed the motion. Regarding the

11 California state law claims, defendants specifically argued that the district court should not exercise

12 supplemental jurisdiction because plaintiffs' California claims raise "novel and complex issues of state

13 law that are best adjudicated in state court." *Id.* ¶¶ 6-7.

14     On June 23, 2005, Judge Robertson ordered that notice of the FLSA action be sent to all

15 putative collective class members. However, he denied plaintiffs' motion for certification of the

16 Maryland and California state law sub-classes, agreeing that he should not exercise his discretion to

17 hear the state law claims. *Id.* ¶ 7.

18     In response to Judge Robertson's refusal to exercise supplemental jurisdiction over their

19 California claims, plaintiffs Dominguez and Daly filed a California-wide class action regarding their

20 California state law claims in the Superior Court of Contra Costa County against defendants on

21 September 26, 2005. Notwithstanding the representations defendants made in *Chase* regarding the

22 preferred adjudication of the state law claims in a California state court, defendants removed the case

23 to this Court. It was assigned to Judge Conti and given case number 3:05-cv-04824-SC. Immediately

24 thereafter, the case was stayed pending further litigation of *Chase* and the parties' ultimately failed

25 settlement attempts. Judge Conti lifted the stay on June 11, 2007, but the parties have not begun any

26 discovery or motion practice. *Id.* ¶¶ 8-10.

27     Following the FLSA notice in *Chase*, approximately 1000 putative collective class members

28 opted into the federal claims in *Chase*. Subsequently, after additional discovery was conducted,

3

PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL
LOCAL RULES 3-12 AND 7-11 - CASE NO.: 3:07-CV-03245-CRB

1  defendants filed a motion to decertify the FLSA class, which Judge Robertson granted on March 28,
2  2007.  On April 25, 2007, Judge Robertson ordered the transfer of plaintiffs Dominguez' and Daly's
3  FLSA claims to the Northern District of California, where they were assigned to this Court.  Also on
4  April 25, 2007, Judge Robertson granted defendants' motion to dismiss, without prejudice, all opt-in
5  plaintiffs in *Chase*, except those residing in the District of Columbia, effective July 16, 2007.  *Id.* ¶ 11.

6  Forty seven of the *Chase* opt-in plaintiffs in worked for defendants in California.  Following
7  Judge Robertson's April 25, 2007 order dismissing the *Chase* opt-in plaintiffs, counsel for plaintiffs
8  Dominguez and Daly requested that defendants stipulate to the joinder in the within action of the 47
9  dismissed California *Chase* opt-in plaintiffs.  Defendants refused.  *Id.*  Therefore, on July 16, 2007,
10 these 47 individuals filed a separate complaint alleging FLSA violations.  *Campbell, et al. v.*
11 *Apartment Investment and Management Company, et al*.  That case was assigned to Magistrate Judge
12 James and given case number 3:07-cv-03640-MEJ.  Sellers' Decl. ¶ 12.

13     5.     Civil Local Rule 3-12(b) provides "Whenever a party knows or learns that an action,
14 filed in or removed to this district is (or the party believes that the action may be) related to an action
15 which is or was pending in this District as defined in Civil L.R. 3-12(a), the party must promptly file in
16 the earliest-filed case an Administrative Motion to Consider Whether Cases Should be Related,
17 pursuant to Civil L.R. 7-11."  Civil Local Rule 3-12(a) provides that a case is related to another case
18 when "(1) The actions concern substantially the same parties, property, transaction or event; and (2) It
19 appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting
20 results if the cases are conducted before different Judges."

21     6.     The *Chase* action brought by plaintiffs Dominguez and Daly and others in the U.S.
22 District Court for the District of Columbia is the first filed of the three actions that are the subject of
23 this motion.

24     7.     The *Chase* action originally joined the FLSA and California wage claims that are now
25 spread over the three cases that are the subject of this motion.  Sellers' Decl. ¶ 13.

26     8.     The three cases are related in that:  (a) the plaintiffs and putative California class are all
27 current or former hourly-paid maintenance employees of defendants; (b) the defendants in each case
28 are the same; (c) each case involves the same issues and alleges the same conduct by defendants; and

1  (d) each case seeks the same injunctive and monetary relief.  Furthermore, while one case alleges

2  violations of California wage laws and *Campbell* and the within action allege violations of FLSA,

3  proof and defense of these violations will require similar discovery and evidence.  *Id.*

4      9.    Prosecution of the three cases before three different judges would be unduly

5  burdensome, an inefficient use of the Court's and the parties' resources, and result in unnecessary

6  duplication of efforts.  *Id.* ¶ 14.

7      10.    Consolidation of plaintiffs' Dominguez' and Daly's state law action and the *Campbell*

8  plaintiffs' FLSA action with the within action is appropriate and would maximize judicial efficiency.

9  Dominguez' and Daly's FLSA and state law claims all were filed in *Chase*.  The relevant statutes of

10  limitation all follow that filing.  The pre-notice discovery that was conducted in *Chase* related to both

11  the FLSA and state law claims.  Additionally, the post-notice discovery that was conducted in *Chase*

12  related to the FLSA claims that are now before this Court.  Conversely, plaintiffs Dominguez' and

13  Daly's state wage law action, which is pending before Judge Conti, was stayed for nearly all of the two

14  years since defendants removed it.  Finally, the *Campbell* FLSA action involves the claims of

15  California-based opt-ins in the *Chase* action which was initiated by plaintiffs Dominguez and Daly,

16  whose FLSA claims are now before this Court.  *Id.* ¶ 15

17      For all of the reasons stated above and in the accompanying Declaration of Joseph M. Sellers,

18  plaintiffs respectfully request that the Court find that Case Nos. 3:05-cv-04824-SC and 3:07-cv-03640-

19  MEJ are related to, and should be consolidated with, the within action.

20  Dated:  July 30, 2007                Respectfully submitted,

21                                          GOLDSTEIN, DEMCHAK, BALLER, BORGEN &
22                                             DARDARIAN

23                                        s/ Laura L. Ho
                                     TERESA DEMCHAK, CA Bar No. 123989
                                     tdemchak@gdblegal.com
24                                       LAURA L. HO, CA Bar No. 173179
                                     lho@gdblegal.com
25                                       GOLDSTEIN, DEMCHAK, BALLER, BORGEN &
                                        DARDARIAN
26                                       300 Lakeside Drive, Suite 1000
                                     Oakland, CA  94612
27                                       (510) 763-9800 (Telephone)
                                     (510) 835-1417 (Telefax)
28

| | |
|---|---|
| 1 | Joseph M. Sellers, (pro hac vice application to be filed) |
| | jsellers@cmht.com |
| 2 | Charles Tompkins, (pro hac vice application to be filed) |
| | ctompkins@cmht.com |
| 3 | Llezlie L. Green, (pro hac vice application to be filed) |
| | lgreen@cmht.com |
| 4 | COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C. |
| | 1100 New York Avenue, NW |
| 5 | West Tower, Suite 500 |
| | Washington, DC  20005 |
| 6 | (202) 408-4600 (Telephone) |
| | (202) 408-4699 (Telefax) |

Steven M. Pavsner, (pro hac vice application to be filed)
spavsner@jgllaw.com
Jay P. Holland, (pro hac vice application to be filed)
JHolland@jgllaw.com
JOSEPH, GREENWALD, LAAKE, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, MD  20770
(301) 220-2200 (Telephone)
(202) 220-1214 (Telefax)

ATTORNEYS FOR PLAINTIFFS