L:\Aimco\Decl of Joseph M. Sellers.doc

TERESA DEMCHAK, CA Bar No. 123989
tdemchak@gdblegal.com
LAURA L. HO, CA Bar No. 173179
lho@gdblegal.com
GOLDSTEIN, DEMCHAK, BALLER,
    BORGEN & DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 763-9800 (Telephone)
(510) 835-1417 (Telefax)

JOSEPH M. SELLERS
jsellers@cmht.com
CHARLES TOMPKINS
ctompkins@cmht.com
LLEZLIE L. GREEN
lgreen@cmht.com
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
1100 New York Avenue, NW
West Tower, Suite 500
Washington, DC 20005
(202) 408-4600 (Telephone)
(202) 408-4699 (Telefax)

STEVEN M. PAVSNER, (pro hac vice application to be filed)
spavsner@jgllaw.com
JAY P. HOLLAND, (pro hac vice application to be filed)
JHolland@jgllaw.com
JOSEPH, GREENWALD, LAAKE, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770
(301) 220-2200 (Telephone)
(202) 220-1214 (Telefax)

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH DOMINGUEZ and ROGER DALY,<br><br>Plaintiffs,<br><br>v.<br><br>APARTMENT INVESTMENT AND MANAGEMENT COMPNAY, AIMCO PROPERITES, LP. AND: NHP MANAGEMENT, COMPANY,<br><br>Defendants. | Case No.: 3:07-cv-03245-CRB<br><br>**DECLARATION OF JOSEPH M. SELLERS IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO LOCAL RULES 3-12 AND 7-11** |

I, Joseph M. Sellers, hereby attest that, under the penalty of perjury, the following statements are true and accurate to the best of my knowledge and belief.

1. I am a partner and head of the civil rights and employment practice group in the law firm of Cohen, Milstein, Hausfeld & Toll, PLLC and have my office in Washington, D.C.

2. I have served as lead counsel in *Chase, et al. v. Apartment Investment and Management Company, et al.*, ("AIMCO") No. 1:03-cv-01683-JR (D.D.C.), which was on August 7, 2003, as part of a putative nationwide collective and class action pursuant to 29 U.S.C. § 216(b) and Federal Rule of Civil Procedure 23(b)(3), in the U.S. District Court for the District of Columbia and assigned to the Honorable James Robertson.

3. As it was filed, *Chase, et al. v. AIMCO* pled claims arising under the Fair Labor Standards Act ("FLSA") and, seeking to invoke the Court's supplemental jurisdiction, the plaintiffs also alleged violations of state wage and hour laws enacted by California and Maryland.

4. In the *Chase* action, the plaintiffs alleged that AIMCO (1) failed to pay them for all overtime hours worked; (2) failed to pay them for compensable time spent "on call" waiting to receive tenant requests for maintenance or repairs; and (3) failed to pay them for all time spent actually responding to tenant service requests.

5. The plaintiffs are current and former hourly maintenance employees of the defendants AIMCO Properties, L.P. and NHP Management Co. Defendants are owners and managers of apartment complexes throughout the United States, including California. NHP Management Co. is a wholly-owned subsidiary of AIMCO Properties, L.P.

6. The parties conducted months of discovery in *Chase* which addressed both class and merits issues. The discovery included written discovery as well as defendants taking the depositions of all of the named plaintiffs (including plaintiffs Dominquez and Daly) and plaintiffs deposing one of defendants' managers, who worked in California, pursuant to Federal Rule of Civil Procedure 30(b)(6). Efforts to resolve the case were unsuccessful. The plaintiffs subsequently asked the Court to certify the federal claims under the FLSA as a collective opt-in action and direct the issuance of notice to current and former AIMCO maintenance workers who may have been affected by the challenged

practices. In addition, the plaintiffs moved for class certification of the state wage and hour claims pursuant to Rule 23, Fed. R. Civ. P.

7. While the Court certified the federal claim and directed the issuance of notice, it denied the motion for class certification, concluding that it was improper to exercise supplemental jurisdiction over the California and Maryland state law claims. AIMCO had argued that the state law claims involved legal issues unique to each state's law. As to the California claims, AIMCO argued specifically that those claims raised "novel and complex issues of state law that are best adjudicated in state court." *See* Defendants' Memorandum in Opposition to Plaintiffs' Motion for Court Supervised Notice and Class Certification, a copy of which is attached to this Declaration as Exhibit 1, at 42-44.

8. As a result of the court's refusal to certify the state law sub-classes, the two plaintiffs named in the *Chase* action with claims arising in California filed a California-wide class action on September 26, 2005 in the Superior Court of Contra Costa County against the defendants, pleading California state-law claims alone.

9. Notwithstanding the defendants' representations to the Court in the District of Columbia that the state law claims had to be tried in state court, AIMCO removed the action to federal court in the Northern District of California where it was assigned to Judge Conti and was provided case number 3:05-cv-04824-SC. As the company-wide FLSA claim remained pending before Judge Robertson, the parties agreed to request, and Judge Conti approved, a stay of the California action pending further litigation in the District of Columbia Court.

10. Judge Conti lifted the stay on June 11, 2007, although no discovery or motion practice has yet occurred in that action.

11. After additional discovery in the *Chase* action, AIMCO sought, and the District of Columbia Court granted, decertification of the company-wide collective action arising under the FLSA. The Court dismissed without prejudice the claims of more than 1000 maintenance workers, other than those who resided in the District of Columbia, who had responded to the earlier-issued Notice issued and who had opted into the FLSA action. Forty-seven of the claimants worked for AIMCO in California. The dismissal of the opt in claimants became effective on July 16, 2007.

12. As Messrs. Daly and Dominguez had appeared in the District of Columbia Court as named plaintiffs, their claims arising under the FLSA were transferred to this Court on April 25, 2007 rather than being dismissed along with the opt in claimants. Those claims were filed under the caption *Dominguez et al v. AIMCO Properties, L.P. et al.* and assigned case number 3:07-cv-03245-CRB. The Court has set an initial Case Management Conference for October 5, 2007. Mssrs. Daly and Dominguez sought to add the 47 opt in claimants to the case assigned number 3:07-cv-03245-CRB, as the claims arise under the FLSA, the same statutory basis for the claims advanced by Mssrs. Daly and Dominguez. When AIMCO declined to consent to the addition of those claims in the action with number 3:07-cv-03245-CRB, the opt in claimants were obligated to file a new action named *Campbell, et al. v. Apartment Investment and Management Co., et al.*, that was assigned case number 3:07-cv-03640-MEJ and referred to Magistrate Judge James.

13. Although three separate actions are now pending in the Northern District of California against AIMCO, et al. in which the plaintiffs allege violations of wage and hour laws, the actions challenge the same practices that were originally pled in *Chase, et al. v. AIMCO*, (D.D.C.) and will likely involve the same or very similar discovery.

14. Prosecution of the three cases before three different judges would be unduly burdensome, an inefficient use of the Court's and the parties' resources, and result in unnecessary duplication of efforts.

15. Consolidation of plaintiffs Dominguez' and Daly's state law action and the *Campbell* plaintiffs' FLSA action with the within action is appropriate and would maximize judicial efficiency. Dominguez' and Daly's FLSA and state law claims all were filed in *Chase*. The relevant statutes of limitation all follow that filing. The pre-notice discovery that was conducted in *Chase* related to both the FLSA and state law claims. Additionally, the post-notice discovery that was conducted in *Chase* related to the FLSA claims that are now before this Court. Conversely, plaintiffs Dominguez' and Daly's state wage law action, which is pending before Judge Conti, has been dormant during the two years since defendants removed it. Finally, the *Campbell* FLSA action necessarily should be joined with the within action since it involves the claims of California-based opt-ins in the *Chase* action which was initiated by plaintiffs Dominguez and Daly, whose FLSA claims are now before this Court.

16. Pursuant to Local Rule 7-11, plaintiffs' counsel has contacted defendants' counsel to ascertain whether defendants would stipulate to the relief sought in plaintiffs' motion. Defendants have declined to consent to the motion. Defendants have also refused to permit their counsel, who represent them in both *Dominguez v. AIMCO* (3:05-cv-04824-SC) and *Dominguez v. AIMCO* (3:07-cv-03245-CRB), to accept, on defendant's behalf, service of the complaint in this related case.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 30th day of July, 2007, at Washington, D.C.

s/ *[signature]*
Joseph M. Sellers