1  CHAD A. STEGEMAN (SBN 225745)
   AKIN GUMP STRAUSS HAUER & FELD LLP
2  580 California Street, Suite 1500
   San Francisco, California 94104-1036
3  Telephone:  415-765-9500
   Facsimile:   415-765-9501
4
5  RICHARD N APPEL (*pro hac vice*)
   MELISSA L. DULSKI (*pro hac vice*)
   AKIN GUMP STRAUSS HAUER & FELD LLP
6  1333 New Hampshire Ave., NW
   Washington, DC 20036
7  Telephone:   202-887-4000
   Facsimile:    202-887-4288
8
   Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| JOSEPH DOMINGUEZ and ROGER DALY, | Case No. C 07 3245 CRB |
|---|---|
| Plaintiffs, | **OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULES 3-12 AND 7-11** |
| v. | |
| AIMCO PROPERTIES, L.P. and NHP MANAGEMENT COMPANY, | |
| Defendants. | |

OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULES 3-12 AND 7-11
CASE NO. 07-CV-3245 CRB

Defendants AIMCO Properties, L.P. and NHP Management Company (jointly "AIMCO") hereby file their Opposition to Plaintiffs' Administrative Motion to Consider Whether Cases Should Be Related Pursuant to Civil Local Rules 3-12 and 7-11 ("Plaintiffs' Motion").

Defendants do not oppose Plaintiffs' Motion to the extent that it seeks to relate the following three cases, all of which are pending in the United States District Court for the Northern District of California, and each of which is assigned to a different judge: *Joseph Dominguez, Roger Daly, individually and behalf of all other persons similarly situated v. Apartment Investment and Management Company, AIMCO Properties, L.P., and NHP Management Company*, Case No. 05-CV-04824 SC, (Conti, J.) (hereinafter "*Dominguez I*"); *Joseph Dominguez and Roger Daly v. AIMCO Properties, L.P. and NHP Management Company,* Case No. 07-CV-3245 CRB, (Breyer, J.) (hereinafter "*Dominguez II*"); and *Kenneth Campbell, et al. v. Apartment Investment and Management Company, AIMCO Properties, L.P., and NHP Management Company,* Case No. 07-CV-03640 MEJ, (James, M.J.) (hereinafter "*Campbell*"). Defendants agree that the cases are similar enough such that relating the cases would be proper. However, Defendants oppose Plaintiffs' motion to the extent that it seeks to consolidate the cases under *Dominguez II*, which is a later-filed case in this District.

Pursuant to Local Rule 3-12, Plaintiffs' Motion should have been filed with the "earliest-filed case," in this District, which is *Dominguez I*, pending before Judge Conti. *See* Civil Local Rule 3-12(b); *see also Meaux v. Northwest Airlines, Inc.*, Case No. 05-3733 CW, 2006 U.S. Dist. LEXIS 48023, *4 n.2 (N.D. Cal. July 6, 2006) ("Local Rule 3-12 provides that when a party knows or learns that an action is, or may be, related to an action *already pending in this district*, that party must promptly file a notice of related cases.") (emphasis added). In fact, in his Order transferring *Dominguez II* from the United States District Court for the District of Columbia to this District, Judge James Robertson specifically referred to the fact that the transferred case would be "related to" *Dominguez I*. *See* Order dated June 20, 2007 (Docket No. 1, Part 6).

In this case, it makes perfect sense to consolidate the cases under *Dominguez I*. *Dominguez I* has been pending before Judge Conti since November 2005. Although the case was stayed on March 29, 2006, Defendants have filed an Answer in the case, and the parties have already appeared before

Judge Conti. In contrast, *Dominguez II* was not transferred to this District until June 20, 2007, and *Campbell* was filed on July 16, 2007. The parties have not yet appeared before either of the judges in *Dominguez II* or *Campbell*. Judge Conti is, therefore, likely to be more familiar with the issues in the three cases than either of the other two judges. Because *Dominguez I* was filed in this District 19 months before *Dominguez II,* Plaintiffs' Motion should have been filed in *Dominguez I,* and the other two cases should be consolidated into that action.

While Plaintiffs assert that much has transpired in the *Dominguez II* case while it was before Judge Robertson in the District Court for the District of Columbia, *nothing* has happened with respect to that case in this District. To the extent any discovery, motions, or court rulings in *Dominguez II* will be relevant to the soon-to-be consolidated cases pending in this District, that information and pleadings will be just as available to the parties and Judge Conti in *Dominguez I* as they would be to Judge Breyer in *Dominguez II*. Accordingly, efficiency and judicial economy, in addition to Local Rule 3-12 and Judge Robertsons' transfer order, dictate that the three cases should be consolidated before Judge Conti in the *Dominguez I* case.

Dated: August 2, 2007                    AKIN GUMP STRAUSS HAUER & FELD LLP

                                         By _____/s/_____
                                                Richard N Appel

                                         Attorney for Defendants AIMCO Properties, L.P. and
                                         NHP Management Company