AKIN, GUMP, STRAUSS HAUER & FELD LLP
CHAD A. STEGEMAN (SBN 225745)
580 California Street, Suite 1500
San Francisco, CA 94104-1036
Phone: (415) 765-9500
Fax:    (415) 765-9501
cstegeman@akingump.com

AKIN, GUMP, STRAUSS HAUER & FELD LLP
RICHARD N APPEL (*Pro Hac Vice* application to be submitted)
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Phone: (202) 887-4076
Fax:    (202) 887-4288
rappel@akingump.com

HOLLAND & HART LLP
John M. Husband, P.C. (*Pro Hac Vice* application to be submitted)
Thomas E.J. Hazard, P.C. (*Pro Hac Vice* application to be submitted)
Christina F. Gomez (*Pro Hac Vice* application to be submitted)
555 Seventeenth Street, Suite 3200
Denver, Colorado 80201-8749
Phone: (303) 295-8228
Fax:    (303) 975-5381
jhusband@hollandhart.com
tehazard@hollandhart.com
cgomez@hollandhart.com

Attorneys for Defendants Apartment Investment and Management Company, AIMCO
Properties, L.P., NHP Management Company, and AIMCO/Bethesda Holdings, Inc.

## UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSEPH DOMINGUEZ, *et al.,* | ) | Case No. 3:07-CV-03245-SC |
| Plaintiffs, | ) | **DECLARATION OF THOMAS E.J. HAZARD IN SUPPORT OF DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' AMENDED MOTION FOR AN ENLARGEMENT OF TIME TO FILE A MOTION FOR EXTENSION OF TIME TO RESPOND TO DISCOVERY** |
| v. | ) | |
| APARTMENT INVESTMENT AND MANAGEMENT COMPANY, AIMCO PROPERTIES, L.P. and NHP MANAGEMENT, INC., | ) | |
| Defendants. | ) | |
| | ) | **Date:    February 22, 2008** |
| | ) | **Time:    10:00 a.m.** |
| | ) | **Crtrm:   1, 17th Floor** |
| | | **Judge:   Honorable Samuel Conti** |

1

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO PLAINTIFFS' AMENDED MOTION FOR AN ENLARGEMENT OF TIME TO FILE A
MOTION FOR EXTENSION OF TIME TO RESPOND TO DISCOVERY
07-CV-03245-SC

I, Thomas E.J. Hazard, declare as follows:

1.      I am a partner with the law firm of Holland & Hart LLP, counsel to Defendants Apartment Investment and Management Company, AIMCO Properties, L.P., NHP Management Company, and AIMCO/Bethesda Holdings, Inc. (collectively, "Defendants") in this matter. I am a member in good standing of the Bar of Colorado. I have personal knowledge of the facts in this Declaration and could competently testify to them if called as a witness. I make this Declaration in support of Defendants' Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for an Extension of Time to Respond to Discovery.

2.      This is one of several similar actions filed in 22 jurisdictions around the country, stemming from the initial case of *Chase v. AIMCO*, U.S. District Court for the District of Columbia, Civ. No. 1:03-CV-01683, which was filed in August of 2003. After conditional certification of the case as a collective action, approximately 1,100 current and former employees of Defendants filed consents to join the action, mostly between December 2005 and February 2006. After several months of discovery into Defendants' overtime practices and records, and only limited discovery of the named Plaintiffs' and a few opt-ins' claims, the action was decertified due to the individualized nature of the Plaintiffs' and opt-ins' claims, and the claims of all opt-ins located outside the District of Columbia were dismissed. Plaintiffs' counsel then filed various cases asserting the same claims in this and other jurisdictions on July 15, 2007.

3.      Defendants served their discovery on the Plaintiffs in this action on October 24, 2007. Plaintiffs subsequently asked for, and Defendants agreed to, two lengthy extensions to respond to Defendants' written discovery. By the agreement of the parties, Plaintiffs' responses to all outstanding written discovery was due on January 11, 2008. However on January 11,

2008, neither of the two Plaintiffs in this case had responded to Defendants' discovery requests. In all of the cases combined, less than 150 (or approximately 18%) of the more than 800 Plaintiffs served with discovery provided responses by the January 11, 2008 deadline. Despite having previously agreed to respond to all discovery by January 11, 2008, Plaintiffs requested a third extension of the discovery deadline on January 10, 2008 seeking still more time to respond to Defendants' written discovery. Because Plaintiffs' counsel failed to demonstrate sufficient progress in obtaining discovery responses from their clients, and the fact that two lengthy extensions had already been granted, Defendants objected to a third extension of time.

4.    Most of the jurisdictions to rule on the issue have denied Plaintiffs' motion to stay. Specifically, the motion was denied in Alabama, Arizona, Colorado, Illinois, Indiana, Kentucky, New Jersey, Tennessee and Virginia. The courts in Texas and Pennsylvania granted the motion, but ordered Plaintiffs to respond to discovery. The only courts to grant the motion were those in Georgia, Maryland, Michigan, New York and South Carolina.

5.    Plaintiffs served their discovery requests on Defendants on December 4, 2007, and subsequently agreed to a single extension until February 18, 2008 for Defendants to respond. While not every Plaintiff has issued discovery requests, many of those Plaintiffs who have issued such discovery have nonetheless failed to respond to Defendants' discovery requests.

6.    I participated in a telephonic hearing before the Honorable James A. Teilborg of the United States District Court for the District of Arizona on January 17, 2008. The hearing concerned Plaintiffs' motion for an additional 30 days to complete discovery in the case of *Boland v. AIMCO*, Case No. 2:07-CV-1370 (D. Ariz. 2008), which is one of the similar actions filed by Plaintiffs' counsel around the country. It was during that hearing that Judge Teilborg made the comment, "It is time for Plaintiffs to fish or cut bait."

---

3

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO PLAINTIFFS' AMENDED MOTION FOR AN ENLARGEMENT OF TIME TO FILE A
MOTION FOR EXTENSION OF TIME TO RESPOND TO DISCOVERY
07-CV-03245-SC

7.      Defendants have always objected to "rolling discovery" and have repeatedly emphasized the necessity of obtaining <u>expedited</u> individualized discovery from Plaintiffs in order to assess and move forward with these now-stale claims.  Plaintiffs' third request for an extension seeking an additional 30 days to respond to discovery was essentially a request for rolling discovery, which Defendants had previously expressed their objection to on the grounds that it would delay expedited discovery of the nature and amounts of Plaintiffs' claims.  Without the basic information sought in their discovery requests, Defendants have no idea of the amount of back wage damages Plaintiffs are claiming in this action.

8.      Attached hereto as Exhibit A is a true and correct copy of a Notice of Consent form from the *Chase v. AIMCO Properties, L.P.* lawsuit filed in the United States District Court of the District of Columbia, Case No. 1:03-CV-01683 (JR).

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 25th day of January, 2008.

*s/ Thomas E.J. Hazard*

I, Chad Stegeman, am the ECF user whose ID and password are being used to file this Declaration of Thomas E.J. Hazard in Support of Defendants' Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Extension of Time to Respond to Discovery. In compliance with General Order 45, X.B., I hereby attest that Thomas E.J. Hazard has concurred in this filing.

Dated:  January 25, 2008.

AKIN GUMP STRAUSS HAUER & FELD LLP

/s/
Chad Stegeman
Attorneys for Defendants

3821349_1.DOC

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO PLAINTIFFS' AMENDED MOTION FOR AN ENLARGEMENT OF TIME TO FILE A
MOTION FOR EXTENSION OF TIME TO RESPOND TO DISCOVERY
07-CV-03245-SC